WILLIAM T. THORNTON, appellant *v.* IRA DAVENPORT and SMILY H. HENDERSON, appellees.

*Appeal from Morgan.*

A deed made upon valuable consideration, does not come within the provisions of the statute of frauds and perjuries.

All conveyances of goods and chattels, where the possession is permitted to remain with the donor or vendor, is fraudulent *per se*, and void as to creditors and purchasers, unless the retaining of possession be consistent with the deed.

But where from the nature and provisions of the conveyance, the possession is to remain with the vendor, and the transaction is *bona fide*, its so remaining is consistent with the deed, and does not avoid it.

Mortgages, marriage settlements, and limitations over of chattels, are valid against all persons without delivery of possession, provided the transfer be *bona fide*, and the possession remain with the person shown to be entitled to it by the stipulations of the deed.

*Semble*, that an absolute sale of personal property, where the possession remains with the vendor, is void as to creditors and purchasers, though authorized by the terms of the bill of sale.

The fact that a mortgage was executed upon the same day that a judgment was obtained against the mortgagor, unaccompanied by other circumstances calculated to cast suspicion upon the transaction, is not of itself sufficient to attach to it the imputation of fraud.

THIS cause was heard in the Circuit Court before the Hon. Samuel D. Lockwood, at the May term, 1834, and judgment rendered that the property levied on was subject to the execution

of the appellees, and that they recover their costs of suit; from which an appeal was taken by Thornton to this Court.

S. Breese and Wm. Thomas, for the appellant, cited 3 Cranch. 73; R. L. 313–14; 1 Powell on Mort. 33, and notes.

J. Lamborn, for the appellees.

Wilson, Chief Justice, delivered the opinion of the Court:

By agreement of the parties, this case was submitted to the Court upon a statement of facts, accompanied by a deed of mortgage made by Wilhite to Thornton. By this deed, Wilhite conveys to Thornton a variety of personal property, for two hundred dollars, with a condition that if Wilhite will pay to Thornton, at maturity, a note of two hundred dollars, with twelve per centum interest in one year, then the deed is to be void, otherwise absolute. It is also stipulated that Wilhite is to retain possession, and to have the use of the property until the day of payment. He is, also, at his own expense, to keep the property (part being live stock), and at the expiration of the year, if the debt be not paid, deliver it up to Thornton in good condition. The facts agreed upon, are, that Wilhite was indebted to Thornton in the sum of two hundred dollars, the amount for which he executed his note, and that the mortgage was made to secure this debt. Davenport and Henderson were also creditors of Wilhite, and on the same day that the mortgage was made, obtained a judgment against him, and soon after, but before the expiration of the year, levied their execution on the mortgaged property in the possession of Wilhite.

Upon this statement of the case, the Court below decided the deed from Wilhite to Thornton to be void as to the creditors of Wilhite, and consequently subject to the execution of Davenport and Henderson. To support this position, it must be shown that the transaction between Wilhite and Thornton was fraudulent in fact, or that the conveyance is of such a character that the law will imply fraud; and that countervailing testimony of fair intention, will not redeem it from this inference. That the sale from Wilhite to Thornton is not fraudulent in fact, is apparent from a consideration of all the circumstances attending the transaction, as admitted by the parties. The sufficiency of the consideration upon which the mortgage was made, is not questioned. It is admitted that Wilhite was indebted to Thornton in the sum of two hundred dollars, and that the property mentioned in the deed was mortgaged to secure this debt. The only circumstance of a questionable character is, the execution of the mortgage on the same day of the rendition of the judgment against him, in favor of Davenport and Henderson. But this fact unaccompanied by any other circumstance calculated to cast suspicion

upon the transaction, is not of itself sufficient to attach to it the imputation of fraud, and thereby taint and render void the whole transaction. The transfer to Thornton, in its most unfavorable aspect, only amounts to a preference of one creditor to another; a privilege to which the debtor is always entitled. Even an insolvent debtor may prefer one creditor to another, and his motives for so doing, provided the preferred creditor has done nothing improper, cannot be enquired into; nor is the time when this preference is indicated, material, provided it is anterior to the lien set up to avoid it.(1)

There being no circumstances then attending the conveyance of the property from Wilhite to Thornton, from which fraud in fact can be inferred, it becomes necessary to enquire whether it is alike free from the inference of fraud in law. In the argument of the case, the statute of frauds and perjuries was adverted to; but as the deed under review was made upon valuable consideration, it does not come within the provisions of that statute. The case, therefore, depends entirely upon the principles of the common law; and it is to be regretted that the judicial determinations relative to the rules governing the transfer of personal property, which are of so much importance, and such general application, have not been more stable and definite. But while the decisions of the courts of several of the States have been vacillating and discordant, those of England, as well as those of a large majority of the States, have been uniform and consistent; and the principle well established by those decisions, is, that all conveyances of goods and chattels, where the possession is permitted to remain with the alienor or vendor, is fraudulent *per se,* and void as to creditors and purchasers, *unless the retaining of possession be consistent with the deed,* as in case of an absolute unconditional sale, where the possession does not "accompany and follow the deed." Here the vendor's possession is not merely evidence of fraud, but, by legal inference, is a fraud *per se,* and cannot be rebutted by testimony of fair intention; because the possession not remaining with the person shown by the deed to be entitled to it, works deception and injury. But where, from the nature and provisions of the conveyance, the possession is to remain with the vendor, and the transaction is *bona fide,* its so remaining is consistent with the deed, and does not avoid it.

The application of these principles to the present case, will clearly establish the validity of Thornton's title to the property in controversy. The conveyance from Wilhite was a mortgage, the legitimate object of which was to secure to a creditor a just debt; and it was expressly stipulated in the deed that Wilhite

(1) Marbury *v.* Brooks, 7 Wheat. 556; 5 Peters' Cond. R. 345; Spring *et al. v.* S. C. Ins. Co., 8 Wheat. 268; 5 Peters' Cond. R. 434.

Thornton *v.* Davenport *et al.*

should retain possession of the mortgaged property, until the debt became due. Had not the deed contained this authority for his possession, there is no doubt but his retaining it would have constituted a legal fraud. Such too would have been the effect of his remaining in possession, if the deed to Thornton had been an absolute, in place of a conditional one, though authorized by its terms. In the first case his possession would not be authorized by the deed; and in the other, it would be inconsistent with its character, and therefore void. Neither of these objections, however, apply in this case. Wilhite's possession of the property is consistent with the object and intent of the deed, and is warranted as well by its stipulations as by its usual and legal operations; for it is of the nature of a security that the debtor should retain possession until the day of payment be past.

Among the numerous authorities from which these principles are deduced, there are several cases directly analogous to the present, such as the case of Cadogan *v.* Kennet,(1) where by settlement before marriage, the husband conveyed all his household goods to trustees, to the use of himself for life, with remainder over, and with a proviso that he should retain possession and enjoy the property; his doing so, the Court said, being consistent with the object, intent, and provisions of the deed, did not render it void. Such too was the decision in the case of Claybourn's Executors *v.* Hill,(2) which was the case of a mortgage of personal property, with an express stipulation that the debtor should retain possession. The only deduction from these and numerous similar cases, is, that mortgages, marriage settlements, and limitations over of chattels, are valid against all persons, without delivery of possession; provided the transfer be *bona fide*, and the possession remain with the person shown by the stipulations of the deed to be entitled to it. Were a different rule to prevail, one which would not under any circumstances sanction the separation of the title to personal property, from the possession, it would, in many cases, render the transfer of personal property to suit the convenience of parties, extremely inconvenient, and, in some cases, impossible; as where from the situation of the property at the time, it was incapable of delivery; as in the case of a sale of a ship at sea, or the limitation over of chattels, after the use of them for life or for years, to another. I admit that there are some authorities which seem to militate against, and others that are less equivocally opposed, to the rule here laid down, which permits the possession of personal property, in cases like the present, to be separated from the title. But I think the principle so well established by an overwhelming current of authorities, that no arguments drawn from policy, will justify the Court in departing from it.

(1) Cowper 432.　　(2) 1 Wash. 177.

The judgment of the Circuit Court is therefore reversed with costs.

*Judgment reversed.*

LOCKWOOD, Justice, dissenting:

I cannot concur in the opinion of the Court, because I believe that where the motive for the sale or mortgage, is the security of the vendee or mortgagee, and the vendor or mortgagor is permitted to retain the possession and visible ownership for the convenience of the parties, it is a fraud, though the arrangement be inserted in the deed or mortgage. The policy of the law will not permit the owner of personal property to create an interest in another, either by mortgage or absolute sale, and still continue to be the visible owner. The law will not stay to enquire whether there was actual fraud or not; it will infer it at all events; for it is against sound policy to suffer the vendor or mortgagor to remain in possession, whether an agreement to that effect be or be not expressed in the deed. It necessarily creates a secret incumbrance as to personal property, when to the world the vendor or mortgagor appears to be the owner, and he gains credit as such, and is thereby enabled to practice deceit upon mankind. If the possession be withheld pursuant to the terms of the agreement, some good reason for it, beyond the convenience of the parties, must appear; and the parties must leave nothing unperformed within their power to secure third persons from the consequences of the apparent ownership of the vendor or mortgagor. In support of my views on this subject, I have used the language of Chancellor Kent, commenting on the case of Clow v. Woods. (1) In that case the Supreme Court of Pennsylvania decided, that the delivery of the goods is held to be as requisite in the case of a mortgage of goods, as in the case of an absolute sale under the statute 13 and 27 Elizabeth, and that merely stating on the face of the deed, that possession was to be retained, is not sufficient to take the case out of the statute, even in the case of a mortgage of goods.