ALBERT SOWLES AND JENNIE P. SOWLES *vs.* MYRON W. BAILEY.

May Term, 1897.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and THOMPSON, JJ.

*V. S. 2143—Mandamus to Compel the Appointment of Commissioners.*

By V. S. 2143, any person interested in matters of dispute therein described is entitled to have commissioners appointed, and if the judge of the court of insolvency refuses to make the appointment, mandamus will issue to compel him.

It is not necessary that the precise question to be submitted to commissioners should be pending before the judge for decision.

In the case at bar, however, one of the questions was so pending, for the relator had been cited before the judge for contempt in conveying certain property and this involved the question of title to the property.

In the court of insolvency the precision of the common law in pleading is not required, and it is sufficient if the application fairly apprise the court as to the matter upon which adjudication is sought.

PETITION to the Supreme Court for the County of Franklin for a writ of mandamus. Answer and testimony. The facts are stated in the opinion.

*E. A. Sowles* for the petitioner.

The statute is mandatory. V. S. 2143; *White* v. *Haskins,* 59 Vt. 555; *Sowles* v. *Flinn,* 63 Vt. 563.

Mandamus is the appropriate remedy. V. S. 1617, 1618, 1619; *St. Albans* v. *National Car Co.,* 57 Vt. 68; *Redfield* v. *Windom,* 137 U. S. 643.

*Wilson & Hall* for the petitionee.

The act is of a judicial nature, and its performance cannot be enforced by mandamus unless the statute has peremptorily directed it to be performed. The writ is never granted in doubtful cases. High, Extr. Rem. §§ 9 and 39; *Richards* v. *Wheeler,* 2 Aik. 369; *Free Press Association* v. *Nichols,* 45 Vt. 7.

Albert Sowles had no interest distinct from that of his assignee, who represented him as well as the creditors.

The evidence shows that there was no dispute which called for the appointment of commissioners.

THOMPSON, J.  This is a petition for a writ of mandamus against the petitionee, who is Judge of the Court of Insolvency for the district of Franklin, to compel him as such Judge to appoint three commissioners under V. S. § 2143.

The facts necessary for the decision of this case are as follows: The relator Albert Sowles is an insolvent debtor whose estate is in process of settlement in the court of insolvency for the District of Franklin.  Disputes and disagreements exist between him and the assignees of his estate, and also between the relators and the assignees, in respect to the right and interest of the relators in certain real estate, debts and claims, which the assignees claim belong to the insolvent estate.

As a result of such disagreement, the assignees on October 1, 1896, preferred their petition to the court of insolvency setting forth that the relator, Albert Sowles, had conveyed by quit claim deed to the relator Jennie P. Sowles, a portion of said real estate in dispute, and therein praying to have him cited before said court to show cause why he should not be adjudged in contempt of court by reason of having made such conveyance, and for such other order and relief as to the court should seem meet.  Thereupon the court of insolvency on the same day, issued its notice to the relator, Albert Sowles, to appear before that court October 7, 1896, at 10 o'clock in the forenoon, to make answer to the petition and to abide by the order of the court thereon. This notice was duly served upon the relator, Albert Sowles, and he appeared before the court, and such proceedings were had in the premises that the hearing was continued to March 29, 1897, at which time the relators filed their petition in said court, setting forth that they were

"interested in the estate of Albert Sowles in insolvency
*  *  *; that there were disputes and disagreements in
regard to the allowance of claims or priority or amount of
liens upon the estate of said debtor, or the debtor's interest
in property exempt from attachment or other matters in
difference, arising from the settlement of the insolvent
estate, to wit, the title, liens, or claims of ownership of the
real estate alleged to have been assigned to the assignees in
August, 1886, being the lands and estate and lease-hold
estate mortgaged to the Burlington Savings Bank, and the
ownership of the claim against John E. Wright, known as
'the Wright contract,' and also the claims described in the
alleged citations or motions to appear before the court as
therein fully described, to which said claims the petitioners,
one or all lay claim  *  *  and alleged as coming before  *
the above court for hearing for decision; that some or all of
those matters were then pending in proceedings in the court
of chancery within and for the county of Franklin, having
jurisdiction over the same;" and praying the court of
insolvency to appoint three disinterested persons to act as
commissioners to hear and determine the matters in dispute
between the relators and the assignees, and to report to the
court their findings in the premises.

Such proceedings were had on this petition, that on
March 30, 1897, the court of insolvency refused to appoint
such commissioners and dismissed the petition.

The citations referred to in the relators' petition for the
appointment of commissioners, were the petition of the
assignees in the proceedings for contempt and another peti-
tion filed in that court by the assignees on October 1, 1896,
charging that the relator, Albert Sowles, as an insolvent
debtor, withheld a large amount of property from the
assignees, and therein describing the same; and praying to
have him cited before the court to be examined under oath
touching the matters mentioned in that petition. The
assignees and Albert Sowles were in fact in dispute and

disagreement in respect to his right and interest in the property and claims described in both petitions of the assignees and in regard to the property debts and claims mentioned in the petition of the relators to the probate court praying for the appointment of commissioners.

The petitionee contends that there was no matter in dispute that was before him for decision that justified the appointment of commissioners. He further contends that under the statute, a party is not entitled to the appointment of commissioners unless the precise question to be submitted to them is pending before the court for decision at the time application is made for their appointment.

Neither of these contentions can be sustained. V. S. § 2143 provides that, in cases of dispute or disagreement in regard to the allowance of a claim or priority or amount of liens upon the estate of the debtor, or the debtor's interest in a homestead or property exempt from attachment, or other matters in difference arising in the settlement of an insolvent debtor's estate, and coming before the judge for decision, the judge in his discretion may, and upon petition of the assignee or a creditor who has proved his claim, or *other person interested*, shall appoint three disinterested persons to act as commissioners to hear and determine the matter in dispute, and report to the court their finding in the case.

V. S. § 2145 provides for an appeal from the decision of such commissioners.

No provision is made for an appeal from a decision of the court of insolvency in matters embraced in § 2143, unless commissioners are appointed as therein provided. One purpose of this section is to provide for an appeal in such matters, and thus give the parties in interest an opportunity to have their rights determined by the appellate courts. Under the provisions of this section, any person interested in any matter therein described, and involved in the settlement of an insolvent estate, may apply to the court of insolvency

to have commissioners appointed to determine the matter in dispute, and report to the court their finding, without regard to whether the precise question in issue is then pending before such court for decision. To hold otherwise might preclude parties so interested from an opportunity to have their rights determined in the manner prescribed by this section, unless the adverse party took action in the first instance, and would delay the settlement of the estate.

Again, the court of insolvency could not determine the question raised by the petition of the assignees to have the relator, Albert Sowles, adjudged to be in contempt of court, without determining the rights and interests of the relators in the real estate in question in that proceeding. If it was found that it belonged to the relators or either of them, and not to the assignees, he could not be adjudged to be in contempt by reason of having made the alleged conveyance. Hence, a question involving the dispute and disagreement in regard to that property between the relators and the assignees, was in fact pending before that court for decision at the time the relators petitioned for the appointment of commissioners.

It is contended that the relators' application for the appointment of commissioners does not contain a sufficient allegation in respect to what the questions, disputes and disagreements were, and that it contains no allegation that either of the relators were creditors of the insolvent estate or an assignee of such estate.

To entitle the relators to make such application, it is not necessary that they should be either a creditor or an assignee of the insolvent estate. It is sufficient that they are persons interested therein in respect to the matters embraced in V. S. § 2143. In the court of insolvency, the certainty and precision of the common law is not required in matters of pleading. It is sufficient if the petition or application fairly apprises the court as to the matter upon which an adjudication is sought. The allegations of the relators'

application were sufficient in this respect. It is the duty of the court when such application is made to make such an investigation as will enable it to briefly state the matter in difference submitted in the commission issued to .the commissioners. From the records and evidence submitted, it is clearly apparent that the judge would have had no difficulty in so doing in this case.

When a petition for the appointment of commissioners is made by an assignee or a creditor who has proved his claim or other person interested, the judge has no discretion in respect to making such appointment. The petitioner is entitled to have the same made as a matter of right. The statute is mandatory. On the petition of the relators, the petitionee should have appointed commissioners in accordance with the prayer of their petition.

The relators must therefore prevail in this proceeding.

> *It is ordered that a writ of mandamus issue commanding the petitionee forthwith to appoint three disinterested persons to act as commissioners to hear and determine all the matters in dispute between the assignees of the insolvent estate of Albert Sowles and the relators and each of them, in respect to the real estate, and all other property, debts, and claims, involved in the settlement of said insolvent estate, to report to the Court of Insolvency their findings in respect thereto. It is further adjudged that the relators recover their costs of the petitionee.*