## Fowler *et al. versus* The Pittsburgh, Fort Wayne, and Chicago Railroad Company.

An attachment execution against a railroad company cannot be levied on money in the hands of its ticket agents, arising from the sale by them of tickets to passengers.

ERROR to the District Court of *Allegheny county*.

This was an attachment execution at the suit of S. S. Fowler & Co. against The Pittsburgh, Fort Wayne, and Chicago Railroad Company, served on John Stewart, as garnishee. The parties agreed upon the following case stated, in the nature of a special verdict·:—

" The attachment in the above case was served on J. Stewart, the garnishee, on the 5th April 1859. At that time, said Stewart was ticket agent of the defendant, in the original judgment (the Pittsburgh, Fort Wayne, and Chicago Railroad Company), and as such, had in his possession about $800, arising from the sale of passenger tickets, by him, to persons passing over the road of said company, between Pittsburgh and Chicago. Subsequently to that day, and for some months, there was about an average of $100 daily in his hands, received by him, for the company, on the same account. The debt in the original judgment was $775.72, with interest from April 5th 1859.

" It is agreed, if the court be of opinion, on the foregoing facts, that the plaintiffs are entitled to a judgment against the garnishee, that judgment be entered accordingly, for the debt, interest, and costs of the original judgment, and also the costs of this suit, viz., the sum of $803 and costs; otherwise, judgment to be entered for the garnishee; with leave to either party to sue out a writ of error."

The court below gave judgment for the garnishee, on the case stated; whereupon, the plaintiffs sued out this writ, and here assigned the same for error.

*Burgwin*, for the plaintiffs in error, cited Gochenaur *v.* Hostetter, 6 *Harris* 420; Herron's Appeal, 5 *Casey* 240; Silverwood *v.* Bellas, 8 *Watts* 420.

*Hampton*, for the defendant in error.

PER CURIAM.—The purpose of an attachment execution is to reach the effects of a defendant in the hands of third persons. Here, the defendant is a corporation; a railroad company. Are its ticket agents to be treated as third persons, so far as regards

[Fowler *et al. v.* The Pittsburgh, Fort Wayne, and Chicago Railroad Co.]

money received by them on the sale of tickets to passengers? We think not. We suppose that the case speaks of the ordinary ticket agents employed at the offices of the company; and of these we speak. These are the very hands of the company; it cannot do its business without them; and if an attachment execution is to be regarded as arresting money received after its service, then it would always occasion the dismissal of such agents, in order to prevent such a result.

We do not undertake to define the class of agents that fall within the principle here decided. We shall be able to do this better, by awaiting the instructions of experience.

Judgment affirmed and record remitted.