CHAMBERLIN FLETCHER *v.* HENRY F. PILLSBURY AND TRUSTEE, JONATHAN M. PILLSBURY.

*Fraudulent Agreement.   Payment.   Trustee Process.*

The payment by a debtor to a creditor of his debt, before it is due, in order to aid the creditor in his purpose of preventing *his* creditors from attaching the debt by means of the trustee process, is not void as within the statute against fraudulent conveyances, agreements, &c., chap. 104, sec. 23, Comp. Stat: Gen. Stat. chap. 113, sec. 32.

TRUSTEE PROCESS.   The facts in the case appear sufficiently in the opinion of the court.

The county court, at the June Term, 1861, in Caledonia county, POLAND, CH. J., presiding, decided that the trustee was not chargeable, to which the plaintiffs excepted.

*J. Ross,* for the plaintiff.

*E. A. Cahoon,* for the trustee.

ALDIS, J.   The trustee, on or about the 1st January, 1861, was indebted to the principal defendant in a note for $381.44, payable in about a year thereafter.   Being informed that the defendant's creditors were about to attach it by trustee process, he paid the note to the defendant in order to avoid being trusteed, and to aid the defendant to place the amount of the note beyond the reach of creditors.   Was such payment fraudulent

and void as being an act "to avoid the right, debt or duty of another," within the statute. For it is only by treating the payment as void and the money as being by legal construction in the hands of the trustee, that he can be held liable. The payment was made at the request of the principal defendant, and before the note had matured.

It is not claimed by the plaintiffs but that the debtor would have been justified in paying the note if it had been then due, though the motive might have been to aid the defendant in putting it beyond the reach of creditors. In such case it would have been doing only what he was then legally bound to do ; and the act would have been strictly *mere payment*. Our statute against fraudulent conveyances does not provide that *payments*, though "made with the intent to avoid the right, debt or duty of another," shall be void.

The words of the act are "all fraudulent and deceitful conveyances—all bonds, bills, notes, contracts and agreements, all suits, judgments and executions made or had to avoid any right, debt or duty of another shall be null and void. Payments of a debt are not mentioned.

Where one to whom a debt is due has the debt transferred and made nominally payable to another instead of himself, in order to avoid the trustee process, such transfer is void, and the debt is still subject to the trustee process. Thus, where a note is by agreement between the payee and maker taken up and a new note given in exchange to some other person, but in reality for the payee, the transaction is fraudulent. Such transfer or new note comes clearly within the words of the statute—"conveyances, contracts, bills, notes."

Such are the cases of *Camp* v. *Scott*, 14 Vt. 387, and *Marsh* v. *Davis*, 24 Vt. 363.

In this case it is urged that as the note was not due, the maker could not pay it except with the consent or agreement of the payee, and therefore that the transaction was virtually an "agreement" within the meaning of the act.

But the "agreement" intended by the statute must, we think, be one by which an obligation is created from one party to another, — an obligation that might be enforced but for the

2

statute annulling it because entered into *mala fide.* It does not mean the discharge of an obligation or debt by a creditor to a debtor upon payment. Such is not the ordinary meaning of the word. The transaction between the trustee and the defendant was simply payment of a debt. The debtor can always pay his debt, though not due, if the creditor will take the money. Can we fairly say that the statute prohibits such consent; that when it prohibits fraudulent agreements it thereby annuls the consent of the payee and the act of payment by the debtor; and and that this was contemplated by the use of the word " agreement ?" This seems to us a forced interpretation of the language of the statute, and not admissible in the exercise of a liberal construction to repress fraud.

We are aware that as a moral question there seems but little difference between paying one's debt when not due with the intent to hinder creditors, and buying property at its full value with the like intent. In each there is a voluntary act, a fraudulent intent and a full consideration. But the purchase is within the letter of the statute, — it is both " contract" and " conveyance."

Notwithstanding the antiquity of this statute counsel have not been able to cite any case where payment with the fraudulent intent has been held as coming within the statute. Whether payment to the creditor to aid him in concealing his property from his creditors has been regarded in legislation as an act which it was not wise in policy to prohibit,—or has been overlooked and so not included in the statute,—may perhaps be a matter of doubt. If intended to be included, we think it had better be done by legislation in express terms, than by judicial construction.

It is obvious that there is one point of difference between the debtor and others who enter into fraudulent contracts—a point which may have been considered in framing the act. Those who enter into fraudulent contracts to aid a debtor to conceal his property are volunteers—they are under no obligation whatever to do what they engage in. The obligation of the debtor to pay his debt is originally honest and legal. In paying his debt he does what he is under legal obligation to do at some time.

Payment by him is not therefore a mere volunteer act—it is only when he pays before the debt is due, that he does an act which can be said to be that of a volunteer.

We see nothing to impeach the conclusion of the commissioner that the note was originally given *bona fide* and for full value.

The judgment of the county court is therefore affirmed.