Bissell, P. J.
Under the practice established by this court in Nylan v. Renhard, 10 Colo. App. 46, the statement practically determines the case. Many questions are discussed by counsel, but a consideration of a few of the facts and the application of a few well-settled legal principles will dispose of the appeal. The practice adopted by the plaintiffs was entirely irregular and wholly unauthorized. In the case cited Judge Wilson in a very lucid opinion reviews all the statutory provisions regulating and controlling attachment proceedings in justices’ courts. From this opinion it very clearly appears that the proper procedure is for the plaintiffs in the attachment to serve a copy of the writ on the person sought to be held as garnishee with a notice to the effect that all property in his possession and under his control is to be held to await the result of the suit. Thereafter it is the duty of the plaintiff to proceed against the original defendant and obtain his judgment. A judgment against the defendant in the action is a prerequisite to proceeding against the garnishee. He then has the right to sue out his garnishee summons, obtain jurisdiction of the garnishee by this process, bring him into court, and in that proceeding obtain a judgment against him which shall be determinative of the rights of the attachment plaintiff, and the liability of the garnishee under these proceedings thus properly instituted and prosecuted. Jurisdiction to render judgment against the garnishee, or to obtain a judicial enforcement of the creditor’s rights can only be had by taking these statutory steps thus specifically prescribed. We are quite free to admit the general rule requires a liberal interpretation of such enactments, and parties are at liberty to amend wherever they have proceeded improperly, and in many ways the courts are liberal in enforcing the attachment creditor’s rights. All the authorities, however, agree that in obtaining these remedies and enforcing them, the creditor must accurately pursue his remedy. He may omit no steps which the statute pre *414 scribes, nor can they be taken otherwise than in the manner designated. The doctrine concerning amendments in no manner infringes on this rule, nor does the doctrine concerning the liberality of construction in any wise obviate the necessity to pursue the statute if the creditor would enjoy this remedy. We do not regard this question as particularly involved, nor that there is any necessity to discuss or determine the cases in which the courts will be liberal in their consideration of the proceedings, nor the cases in which the courts will hold the creditor must follow the statute if he would enforce such rights. In the first place the creditor wholly failed to observe the statute in the original levy. He served the writ, but he did not serve the required notice. There is an attempt by the appellants to insist the garnishee summons contains substantially all the requisites of a notice, and the court is, therefore, bound under the liberal doctrine to assume the summons to be enough, and hold that the plaintiffs’ lights were protected and secured by the service of the summons instead of the notice. There are several reasons why this may not be done. We do not concede a garnishee summons in that form is the equivalent of a statutory notice. If it might ever be so taken it cannot be in the present case, because the plaintiff did not thereafter pursue the statutory course in perfecting and enforcing his rights. A motion was made to quash the summons. This was entertained and the summons quashed. The plaintiffs, relying on the sufficiency of the summons for the purposes of a notice, did not then proceed to obtain judgment and issue a summons to bring the garnishee in, but they abandoned that step and issued another summons in the same form, returnable within the twenty days which is the prescribed time within which this process is returnable. We regard this proceeding by the plaintiffs as an abandonment of the original summons, and they cannot go back and insist that the summons was good as a notice when it was quashed and abandoned, and another issued at their request in accordance with what they conceded were the statutory requirements. Aside from this the sum *415 mons was not the proper process. It was issued prior to the time when they had a right to procure the service of this process on the garnishee to fix his liability. That process can only be issued after judgment is obtained in the original suit. It ivas issued before judgment, and was totally inoperative to bring the garnishee in. A further answer is, that to this summons the garnishee filed answer. A traverse was interposed and a trial had in contravention of the statutory provisions, and the matters of fact were found in favor of the garnishee. It is 'quite true judgment was subsequently rendered against the attachment defendant, and the trial on the traverse was thereafter. It might possibly be that thereby the garnishee would waive the statutory requirement as to the time when the summons should be issued, and he would perhaps be bound if judgment had been rendered against him. This, however, would in no manner bind the original defendant because it is well settled the garnishee may not waive the observance of the statute in such manner as to bind the attachment defendant. Rood on Garnishment, §§ 235-238. Perhaps a more complete answer to the appellant’s contention with respect to these proceedings is to be found in what the record shows respecting the ultimate trial. On the appeal the case Avas tried on the traverse, and the court found the facts Avith the garnishee. We have a right to accept that finding as conclusive on the question of title and possession, and need not go beyond it in order to support our judgment. We have, however, examined the record, and we see no escape from the court’s conclusion. After the plaintiffs had abandoned their original proceedings and issued a new summons, the bank returned the note to their correspondent, the American National Bank of Denver from which it Avas received. When the second summons was served the Bi-Metallic Bank did not have in its possession any property or thing in action belonging to the defendant Mcllroy. The plaintiff having abandoned his first proceeding the bank was affected by no notice therein contained, and like a debtor might either return the property or pay the debt, regardless *416 of any knowledge which he might have as to the purpose of the attachment creditors to further continue their proceedings and issue other process to hold the property. It has been determined in well-considered cases that where a party seeks to impound property, if he fails to pursue the statutory requirements, the debtor may, regardless of his knowledge of the creditor’s subsequent intentions, either pay his debt or dispose of the property and thereby defeat the attachment creditor’s claims. Rood on Garnishment, § 183; Fletcher v. Pillsbury, 35 Vt. 16 ; Waples on Attachment and Garnishment, p. 350; Daniels v. Meinhard, 53 Ga. 359.
It is an exceedingly doubtful question whether under any circumstances the plaintiff pursued the course necessary to reach the debt. The Bi-Metallic Bank was never the owner or holder of the note, except perhaps as the agent of the American National Bank, which so far as the record shows may have been and probably was the agent of Mcllroy. Whether dioses in action can ever be impounded by such a proceeding is a debatable proposition. It has been held that the seizure of a note in no manner brings into the sheriff’s possession anything which can be made the basis of an attachment lien. Waples on Attachment, pp. 153, 169; Drake on Attachment, § 465a ; Fowler et al. v. Pittsburg, Ft. Wayne & Chicago R. R. Co., 35 Pa. 22.
As a general proposition the remedy is to serve the attachment and notice on the maker whose obligation to the debtor is by this proceeding reached and impounded. It would probably be true that without the service of this notice Green the maker might have paid the debt to Mcllroy even without the production of the paper, and even though the creditor had gotten the note from the Bi-Metallic Bank. The proceeding would thus have been a barren remedy. We are quite of the opinion the proceeding did not impound the debt nor did it secure to the creditor the right to enforce its payment. This question, however, we do not regard as essential to the determination of the appeal, and we make it more by way of suggestion than as an exact determination of the proposition.
*417 Since the plaintiffs wholly failed to observe the statute and the court found as a matter of fact that the process which the plaintiff issued and prosecuted was served when the BiMetallic Bank was not in possession of the paper, owed Mc-Ilroy no debt and had in its control no property belonging to him, the judgment discharging the garnishee was undoubtedly right and must necessarily be affirmed-

Affirmed.