ELLEN W. HENDRICK'S ADMR. *v.* JENNIE L. DIL-
LON ET AL.

*Fraudulent conveyances.*

In 1885, H. conveyed certain real estate in Maine to her daughter upon her
daughter's oral promise to support her during the remainder of her
life. In 1886, the daughter conveyed the same to the defendant D.,
under an arrangement that D. should perform the obligation to sup-
port H., which she did. *Held,* that the latter conveyance was not fraud-
ulent as to the creditors of the daughter.

Bill in chancery, heard at the December Term, 1888, on plead-
ings, master's report and exceptions thereto. TYLER, Chancel-
lor, dismissed the bill *pro forma.* The orator appeals.

The opinion states the facts.

*Smith & Sloane,* for the orator.

The deed from Mrs. Haley was an absolute one and she could
have asserted no lien against the land if her daughter had
refused to support her. R. L. s. 1933; *Pinnock* v. *Clough,* 16
Vt. 500; *Railroad* v. *Hill,* 23 Vt. 684; *Flint* v. *Sheldon,* 13
Mass. 442; *Smith* v. *Lane,* 3 Pick. 205; *Movan* v. *Hayes,* 1
John. Ch. 339; *Moore* v. *Moore,* 38 N. H. 382.

Mrs. Hendrick had therefore the absolute title to this land,
and her creditors could have levied on it for their debts. It was
all she had and a conveyance of it was fraudulent as to them.
It is immaterial whether they gave credit on the strength of it.
*Church* v. *Chapin,* 35 Vt. 223; *Coolidge* v. *Melvin,* 42 N. H.
524; *Williams* v. *Thompson,* 13 Pick. 300; *Lukins* v. *Aird,*
6 Wall. 78; see opinion of court, *Brackett* v. *Waite,* 4 Vt.
399; *Dalton* v. *Currier,* 40 N. H. 246; *McLane* v. *Johnson
et al.,* 43 Vt. 48–59; R. L. s. 2162.

A debtor cannot convey all his property to secure his own sup-
port, or that of any one else without making provision for his debts.
*Crane* v. *Stickles,* 15 Vt. 252; *Jones* v. *Spear,* 21 Vt. 432;
*Woodward* v. *Wyman,* 53 Vt. 645; Bump. Fr. Con. 399.

*Bates & May*, for the defendants.

This conveyance was not made by Mrs. Hendrick to secure her own support, but to secure the performance of an obligation under which she rested as to another. She never paid anything for the farm and her estate is in no way injured by the whole transaction.

The opinion of the court was delivered by

TYLER, J. It appears by the master's report that Catherine Haley on the 17th January, 1885, was the owner of a small farm worth $800, situated in Frankfort, in the State of Maine, and that on that day she conveyed the same by deed to her daughter, Mrs. Hendrick, with whom she then was, and since the year 1881 had been living in South Ryegate, in this State. The consideration for said deed was Mrs. Hendrick's oral agreement to support her mother during the remainder of her life, she then being about seventy-eight years of age, and pay the expenses of her burial and grave-stones after her decease. Mrs. Hendrick faithfully performed her agreement until her decease in January, 1887.

In the fall of the year 1886, Mrs. Hendrick having failed in health, being apprehensive of death, and desiring to secure to her mother the support which she had promised her, decided to convey the farm to her husband, but learning that she could not convey directly to him, she caused a deed to be made to her daughter, Jennie Dillon, and another deed from her daughter to her husband, P. W. Hendrick. The first deed was duly executed by Mrs. Hendrick and her husband Nov. 30th, 1886. The latter deed was never executed. Both deeds remained in Mrs. Hendrick's possession until on or about December 29th, 1886, when she and her daughter made an oral agreement by which the daughter assumed her mother's—Mrs. Hendrick's—obligation to Mrs. Haley. In consideration of Mrs. Dillon's agreement to support Mrs. Haley, the deed was delivered to her and duly recorded. Mrs. Hendrick died a few days afterwards, whereupon Mrs. Dillon made an arrangement with Mrs. Quigley, who is a daughter of Mrs. Haley, to support the latter and carry out

the agreement, Mrs. Dillon paying her therefor two dollars a week, which agreement has been performed.

At the time these conveyances were made Mrs. Hendrick was the keeper of a boarding house at South Ryegate, and at her decease was owing debts to the amount of about four hundred dollars incurred in that business. None of the persons to whom she was indebted gave her credit relying upon her ownership of this real estate in Maine. One of them had heard a rumor that she owned some property in Maine. To the others her ownership of it was unknown. She had no other property after the conveyance of this and the disposition of a small amount of personal effects.

The conveyance was not made by her nor accepted by Mrs. Dillon with any intention on the part of either of them to defraud creditors.

The orator was appointed administrator upon Mrs. Hendrick's estate on the application of creditors, and he brings this bill praying that Mrs. Dillon may be decreed to convey said real estate, or a sufficient part thereof, to him to enable him, as administrator, to pay the debts against Mrs. Hendrick's estate and the expenses of administration, or in lieu thereof, that she be decreed to pay such debts and expenses herself.

The conveyance by Mrs. Haley to Mrs. Hendrick was absolute and not in trust. It was made in consideration of the latter's promise to support her during her life and pay certain bills after her decease. Mrs. Hendrick was thereby under a legal obligation to her mother. By the agreement with her daughter, Mrs. Dillon, and the conveyance of the farm to her, Mrs. Dillon assumed her mother's obligation. She undertook and promised to do what her mother was legally bound to do. It was a conveyance by Mrs. Hendrick in discharge of her obligation to her mother. It was like a conveyance giving preference to a certain creditor and was not fraudulent as against this proceeding. Barrett, J., in *McLane, Admr.*, v. *Johnson*, 43 Vt. 54, and cases cited by him ; *Leach* v. *Francis et al.*, 41 Vt, 670 ; *Burrson* v. *Maxwell*, 14 At. Rep. (Penn.) 161.

*The pro forma decree of the Court of Chancery is affirmed and cause remanded.*