# ROYAL H. DREW ET AL.

v.

# JAMES D. CORLISS AND TRUSTEE.

Orange County, 1893.

Before:    Ross, Ch. J., Taft, Rowell, and Start, JJ.

*Trustee process.    Trust deed.    Husband and wife.    Evidence.    Commissioner to take disclosure.    Form of judgment.*

1.  In case of a conveyance of real estate and personal property by a husband and wife to a trustee without any declaration of the trust, evidence of what the husband and wife said to the trustee at the time of the conveyance may be admissible to show that the trust was really for the benefit of the wife.

2.  If a commissioner to take the disclosure of a trustee submits to the court whether certain evidence is admissible as tending to prove a certain fact, and the court is of the opinion that it is, the case must be sent back to the commissioner to determine the weight of the testimony.

3.  A husband, being indebted to his wife, may by a trust deed prefer her to other creditors, provided the transaction upon the part of the wife and trustee be an honest one for that purpose, and not a fraudulent cover.

4.  *Held*, that the facts reported by the commissioner amounted to a finding that the husband was indebted to the wife.

5.  The grantee in a trust deed of real and personal property, which is void as against the rights of creditors, would only be chargeable in trustee process for such of the personal property as actually came into his hands.

6.   The judgment in such case should be for the specific property received, and if the conveyance was of a farm, stock and fodder, he would not be chargeable with the fodder which in the exercise of good husbandry had been fed out to the stock.

This was an action of assumpsit against James D. Corliss, in which the defendant, Phineas B. Richardson, was summoned as trustee.   Heard upon the report of a commissioner at the June term, 1892, TYLER, J., presiding.   Judgment *pro forma* that the trustee was chargeable for $437.50. The defendant and trustee except.

The plaintiffs sought to make the trustee chargeable with certain personal property received by him under a deed from James D. Corliss and wife.   It appeared that on the 20th day of May, 1891, the said James D. Corliss was the owner of a certain farm in Tunbridge, containing about eighty acres, with the ordinary farm buildings, stock and farming utensils, and on that day by the joint deed of himself and wife, conveyed this property to the trustee, Richardson.   The said Corliss and wife were at that time residing upon other premises owned by them, and had not resided upon the premises in question since January 1st, 1890.

The deed was in form a warranty deed.   It did not appear from the commissioner's report whether or not the deed itself was expressed to be a trust deed, but Richardson testified that he did hold the property in trust under said deed, and the commissioner found such to be the fact.   As to whose benefit the property was held for by the trustee, the master reported as follows :

"The conveyance was made to the trustee in trust, but for whom there is no proof except what appears from the trustee's disclosure.

"The counsel for the defendant claims that the disclosure of the trustee is proof of the fact that he held the property conveyed to him in trust for the wife, but I do not so find.

"At the request of the counsel for the defendant I submit

this question as to the effect of the trustee's disclosure on this point to the court."

The trustee testified upon his disclosure that at the time of the execution of the conveyance, Corliss and his wife came to his house for the purpose of giving him a deed of their farm and stock; that Corliss said that he owed his wife some money; that she owned something in the farm; that he thought it was a little over $1,800, and that the farm and other property were no more than sufficient to compensate her; that he had previously turned over the property to her, but had not done it in a legal way, and that he wanted the deed made then for that purpose.

The defendant claimed that the wife owned some kind of an interest in this property by virtue of some previous arrangement or understanding between himself and his wife; but the commissioner found against the defendant upon this point, and that the wife had at the time of the conveyance no other interest in the property than such as might arise from the fact that she was the wife of the defendant.

The defendant further claimed that the wife had let him have money from time to time for which he was indebted to her at the time of the conveyance. Upon this question the commissioner reported as follows:

"During their married life the wife of the defendant had let the defendant have various sums of money, some of which he had not repaid her. It amounted to $1,500 on the 1st day of January, 1892. A good share of this she had earned before she was married and some of it her sisters gave her and the balance was accumulated interest. The parties had been married 35 years.

"This money as it came into the hands of the defendant he had used for his own purposes and converted to his own use, but I find that there was an agreement that the husband should pay the money back to her."

On the first day of January, 1890, the defendant, Corliss, leased this property to Joel Y. and J. G. Peavey for one year, and on the first day of January, 1891, renewed this lease

for another year; and the Peaveys were in possession of both the real estate and personal property at the time of the conveyance. Upon the day of the conveyance the trustee, Richardson, wrote the Peaveys that he wished them to carry on the farm in the same manner they had agreed to with Mr. Corliss, saying that Corliss would act as his agent and that whatever he might agree upon with them would be right. At this time the Peaveys did not know that the property had been conveyed, and did not know that the defendant had parted with the title to the farm until the 28th day of May, 1891, when Corliss told the tenants that he had conveyed it. The Peaveys occupied the premises until the expiration of their lease, always refusing to recognize the title of the trustee, Richardson, to the property, or to treat with him in reference to the property, and at the expiration of the lease turned over the property to the defendant Corliss.

On the first day of January, 1892, the trustee, Richardson, executed to Salter & Son a lease of the premises conveyed to him, together with certain personal property, and Salter & Son went into possession under this lease. They received possession of certain personal property, being the same personal property in substance which had been conveyed by Corliss and wife to the trustee and which had been turned back by the Peaveys to the defendant, Corliss, at the expiration of their lease. In addition to the personal property mentioned in the conveyance there was certain hay and corn-fodder which the tenants under the terms of their lease had turned back to the defendant at the expiration of the term. The commissioner found that the value of the property received by Salter & Son was $350, and that the value of the personal property named in the deed to the trustee was $625.

The commissioner further reported that the defendant owned another piece of land near the premises in question, upon which certain corn, corn-fodder and india wheat was raised in the summer of 1890 and 1891, which was. fed out

to the stock on the place deeded to the trustee after the conveyance was made, and that the value of this was $87.50.

*J. D. Denison* for the trustee.

The disclosure of the trustee was proof tending to show that the deed was in trust for the wife. *Haseltine* v. *Page and Tr.*, 4 Vt. 49.

*J. K. Darling* for the plaintiff.

This court will not examine the disclosure of the trustee for proof of facts not found by the commissioner. *Haseltine* v. *Page*, 4 Vt. 49; *Schofield* v. *White*, 29 Vt. 330; *Lovejoy* v. *Lee*, 35 Vt. 430, 432.

Since this property was conveyed away to prevent the plaintiff from attaching it, the trustee is liable. *Crane* v. *Stickles*, 15 Vt. 252; *Knight* v. *Packer*, 72 Am. Dec. 388, 1 Bea. 214.

Nor is it material that the trustee should have knowledge of the defendant's fraudulent intent in the making of the conveyance. *Stickney* v. *Crane and Tr.*, 35 Vt. 89; *Lee* v. *Fizz*, 37 Cal. 328.

The opinion of the court was delivered by

ROSS, Ch. J.    The only question for consideration regards the liability of the trustee.    Before service of the writ upon him he had conveyed to him by a deed from the defendant and his wife a farm and certain personal property. He neither paid anything nor agreed to pay anything for the property conveyed.    The commissioner reports :    "The conveyance was made to the trustee in trust, but for whom there is no proof, except what appears from the trustee's disclosure.    The counsel for the defendant claims that the disclosure of the trustee is proof of the fact that he held the prop-

erty conveyed to him in trust for the wife, but I do not so find." Just what the commissioner means by this finding is uncertain. He may mean that the disclosure is inadmissible proof, or insufficient proof to establish that fact, or that it contained nothing tending to establish it. We are inclined to think he meant the last, because he says there was no proof for whom the trust was except what appears in the disclosure. There being no other proof, if the disclosure tended to establish that the trust was in favor of the wife, he ought to have so found. We think the disclosure contained evidence that was admissible and which tended to establish that the conveyance was for the benefit of the wife. When the conveyance was being made the defendant and wife said that the defendant owed her for borrowed money — which is found to be true — that the property conveyed really belonged to her, that years before the defendant undertook to convey it to her but did not do so in a legal way, and that the deed was given in trust for the money he owed her. What they then said accompanied, was explanatory and part of the act being done and was admissible in evidence as a part of the *res gestae.* If for this purpose the conveyance was not a general assignment for the benefit of creditors, it was for the benefit of the wife, one creditor. If the defendant owed his wife an honest debt, as the commissioner has found he did, he had the right to convey the property to the defendant in trust, to be used for the payment of such debt. He had the right to prefer the payment of that debt over that of plaintiffs, whether their debt was secured or unsecured. The property conveyed to the extent of the wife's debt, and to that extent only, by such conveyance would be placed beyond the reach of the plaintiffs. By proper proceedings they could avail themselves of the excess, if any, for the payment of their debt. If the conveyance was understood by all the parties to it, including the wife, to be a mere cover to prevent the property from being attached and taken for the payment of the debt

·due the plaintiffs, and to take care of the defendant, it would be fraudulent and void. But if the defendant made the conveyance, moved thereto by a purpose to take care of himself, as found by the commissioner, and if the wife and trustee did not make or take the conveyance for such purpose, but for the honest purpose of holding and using the property conveyed for the payment of the debt which the defendant owed her, they could hold the property although such holding prevented the plaintiffs from attaching and taking it for the payment of such notes as did not enter into the foreclosure suit. *Lyon* v. *Rood*, 12 Vt. 233 ; *Root* v. *Reynolds*, 32 Vt. 139; *Leach* v. *Francis*, 41 Vt. 670. If the trust should be found established, unless it should be further found that the wife and trustee made and took the conveyance only for the purpose of taking care of the defendant, and not for the honest purpose of securing the payment of the defendant's debt to her, then the trustee has nothing in his hands which the plaintiffs could hold, until the wife's ·debt is paid. The commissioner submitted, as we construe his report, to the court whether the trustee's disclosure was evidence to establish the trust in favor of the wife. Hence the question is properly before this court. Neither the county ·court nor this court can find any facts from this evidence. It can only determine that it was proper evidence to be received and weighed by the commissioner, tending to establish the trust in favor of the wife. The case .must therefore be reversed and be sent back to have this evidence considered by the commissioner. It is his province .to. say what weight may be given to it. It is contended that the facts found by the commissioner do not show any indebtedness from the defendant to his wife. We think otherwise. He finds that she let him have money from time to time, some of which he had not repaid her. This is finding that the husband received it as her money, and not as belonging to him by marital right. He also finds that the defendant used this money for

his own purposes and converted it to his own use, "but I find that there was an agreement that the husband should pay the money back to her." He also says the money so had and not repaid amounted to $1,500, January 1, 1892. The fair construction of all his findings is that the husband's agreement to pay the money so received was made at the time he received the money, because he received it as her money. Hence on the facts found the husband owed the wife a debt for the payment of which the property in the trustee's hands could be holden.

As the case must go back for further findings in reference to whether the trust was for the payment of the wife's debt, the other points made in argument are of minor importance. No claim is made that the trustee can be held for the real estate conveyed.

We do not think the facts found show that any of the personal property came into the trustee's hands except what he turned over to his tenants, Salter & Son.

The trustee was not a purchaser or consumer of any of this personal property, nor is it found that he had converted any of it into money. No money judgment could be rendered against him for it. At most the judgment should be that he should deliver to the sheriff the specific articles, to be sold on the execution against the defendant. The corn, corn-fodder and india wheat raised in the summer of 1891 had been fed to the stock, some if not all of which would be delivered to the sheriff if the trustee is liable therefor. The trustee never became indebted to the defendant in any way for any of this property. It is only through the rights of the defendant except for his fraud, if there was fraud in the conveyance, against the trustee, that the plaintiffs can hold any of the property. If the conveyance is void because of fraud, the trustee holds the personal property as a naked depositary. After service he would be bound to care for and use the personal property deposited in his hands with rea-

42

sonable care and prudence. If in the exercise of such prudence any of it should be converted into money, it would be the duty of the trustee to receive and account for the money. To that extent a money judment could be rendered against him. But the case does not show that the trustee had converted any of the personal property received into money.

*Judgment reversed and cause remanded.*