LUDLOW SAVINGS BANK AND TRUST COMPANY *v.* CHARLES H. KNIGHT, PATRICK L. STUART AND ANNA H. STUART, TRUSTEES

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 12, 1917.

*Trustee Process—P. S. 1723—"Goods, Effects or Credits"— Fraudulent Conveyances—Consideration—Intent—Future Support.*

Real estate is not included in the enumeration of "goods, effects or credits," the possession of which a person may be adjudged, a trustee, under P. S. 1723.

A conveyance of property without valuable consideration is fraudulent in law as to existing creditors of the grantor, for whom no ample provision has been made, and the good faith of the grantee is in such case immaterial; but, speaking generally, to make a conveyance for valuable consideration fraudulent, there must be a fraudulent intent both on the part of the grantor and the grantee.

In general, a transfer of property in consideration of future support is invalid as to creditors of the grantor, unless he retains property ample for the payment of his debts.

Defendant assigned certain property, including a promissory note, payable to himself, in consideration of his future support, without reserving sufficient to pay his debts. The assignees surrendered the note, receiving therefor part cash and a new note running to themselves. In an action brought against defendant by a creditor, *held*, the assignees of the note were chargeable as trustees under P. S. 1723, and, as they had received from the income of real estate transferred to them by defendant a sum greater than their expenditures for defendant's support, there was no occasion for considering such expenditures as affecting the amount for which they were chargeable.

*Church* v. *Chapin*, 35 Vt. 223, and *Smith* v. *Wiley*, 41 Vt. 19, approved.

ASSUMPSIT. Heard on the report of a commissioner upon the disclosure of the trustees and the trustees' exceptions thereto in vacation after the December Term, 1916, Windsor County, *Waterman*, J., presiding. Judgment that the trustees were chargeable and overruling their exceptions to the report. The trustees excepted. The opinion states the case.

. *Marvelle C. Webber* for the trustees.

*William W. Stickney, John G. Sargent* and *Homer L. Skeels* for plaintiff.

HASELTON, J.   The Stuarts were adjudged chargeable as trustees in this suit and bring exceptions.

Our statute provides that if a person summoned as a trustee has in his possession goods, effects or credits of the defendant, which he holds by a conveyance or title void as to the creditors of the defendant, he may be adjudged a trustee on account thereof, although the defendant could not have maintained an action therefor.   P. S. 1723.

July 22, 1915, the principal defendant, Charles H. Knight, conveyed to the trustees certain real estate, and personal property connected therewith, for the consideration of his life support by the trustees, and on the same day he assigned to the trustees a note held by him against one Leslie and his wife, the makers thereof.

The conveyance was of property amounting in value to about $3,000.   There is some discussion as to the amount of property reserved, but the commissioner's report finds, upon sufficient and admissible evidence, that the property reserved was a second mortgage of little or no real value at the time of the conveyance, and some hotel furniture then subject to attachments, and afterwards sold on execution for $149.70, to satisfy a judgment in one of the then pending suits.

The commissioner finds that Knight had no valuable equity in the personal property reserved.   The debt which was the basis of this suit was due and owing prior to the claimed fraudulent conveyance, and at that time amounted to upwards of $1,400.

It is not claimed that, in any event, the trustees can be held chargeable on account of the real estate that Knight conveyed to them, for real estate is not included in the enumeration of ''goods, effects or credits'' P. S. 1723; *Prout* v. *Vaughn*, 52 Vt. 451, 459; *Smith* v. *Hyde*, 36 Vt. 303, 307.   The first question of importance that we encounter is whether the persons, here summoned as trustees, hold goods, effects or credits of the defendant by virtue of a conveyance or title void as to his creditors.

It is well settled that a voluntary conveyance, that is, a conveyance without valuable consideration is fraudulent in

law as to existing creditors for whom no ample provision has been made, and the good faith of the grantee is in such case immaterial.   On the other hand, speaking generally, to make a conveyance for a valuable consideration fraudulent, there must be a fraudulent intent both on the part of the grantor and the grantee.   *Root* v. *Reynolds,* 32 Vt. 139; *Leach* v. *Wood,* 41 Vt. 670; *Nichols* v. *Nichols,* 61 Vt. 426, 18 Atl. 153; *Lynch's Admr.* v. *Murray,* 86 Vt. 1, 83 Atl. 746.   But the matter of the conveyance by one of his property for self-support stands on a separate and distinct ground.   In Knowlton's edition of Bigelow on Fraudulent Conveyances, (1911), it is said that the courts are not agreed as to the effect of conveyances with an undertaking by the grantee to support the grantor, but that in various states such an undertaking does not make "the valuable, or rather the valuable and *bona fide* consideration" required to cut off claims of the grantor's creditors.   One of the cases referred to is our case of *Church* v. *Chapin,* 35 Vt. 223.   In that case Judge Peck said: "The agreement for support for life is not of such a character as will sustain the deed, if the creditors are thereby deprived of the means of collecting their debts.   It is true that as between the parties to the deed it is a valuable consideration, and in this respect a deed founded on it differs from a gift; but as to creditors it is not different from a deed of gift.   It has long been settled that a party cannot, either by gift, or in consideration of an agreement for support for life, convey his property without reserving what is amply sufficient for the payment of his then existing debts."   This is the doctrine of *Crane* v. *Stickles,* 15 Vt. 252, for though in that case there was a sale of all one's property in consideration of support, there is, in law, no difference between a sale which leaves nothing for creditors, and a sale which leaves a paltry and insufficient amount for existing creditors.   *Woodward* v. *Wyman,* 53 Vt. 645, 647. There appears to be some confusion in our cases, as is noted in *Wilson* v. *Spear,* 68 Vt. 145, 34 Atl. 429, but the doctrine clearly enunciated by Judge Peck in *Church* v. *Chapin,* above referred to, is undoubtedly the law of this State.   And, in general, a transfer of property in consideration of future support is invalid as to creditors, unless the grantor retains property ample for the payment of his debts.   12 R. C. L. 546; *Davidson* v. *Burke,* 143 Ill. 139, 32 N. E. 514; *Annis* v. *Bonar,* 86 Ill. 128; *Rice* v. *Cunningham,* 116 Mass. 466.   Though the consideration is valuable it is

wanting in good faith as to creditors, and the character of the transaction is such as to put the grantee or vendee upon inquiry. Bigelow, Fraudulent Conveyances, 548.

But the trustees contend in argument that they cannot be held chargeable on account of the note turned out to them by the defendant, that treating the assignment of the note as void as to the creditor bank, its remedy, so far as the note is concerned, is against the Leslies, the makers of the note, who, and not the Stuarts, are indebted to the principal defendant thereon. But the trustees, the Stuarts, realized on the note turned out to them, by surrendering it and taking therefor, in part money, and in part a well secured note, running to themselves. To such a situation the case of *Smith* v. *Wiley,* 41 Vt. 19, is applicable. The argument for the trustees there was substantially that made for the trustees here. But there Judge Barrett, who tried the case in county court, held the trustees liable both for money received and notes taken as their own, and this Court, in an opinion by Chief Justice Pierpoint, affirmed the judgment, saying, after a reference to the commissioner's report: "The fact being established that the trustee has taken those notes, and appropriated them to himself, and converted them to his own use, he must stand in respect to them and the principal debtor, in the same position that he would if he had actually received the money upon them." We are satisfied with this decision and it applies here.

In converting to their own use the notes turned out to them by Knight, the trustees held the proceeds of the transaction, to answer the claims of the existing creditors, disenthralled of the provisions as to times of payment in the original notes or in the notes which they chose to take in accomplishing the conversion.

It appears that the trustees had paid out about $150 for the maintenance of Knight during a period of some months, but it also appears that they had received more than that amount in rentals from the real estate conveyed to them in consideration of Knight's support, and so there is no occasion for considering such expenditures as affecting the amount for which the trustees are chargeable under P. S. 1723.

The trustees excepted to the findings of the commissioner as to the value of the property reserved by Knight, on the ground that the findings were not warranted by the facts reported, nor by the evidence which is referred to. But it is enough to say in

this regard that the exception is ill grounded. Some evidence bearing on these findings was received under objection and exception, but so far as any such exception is relied on, it is clear that the evidence was of inferential value, in connection with other evidence.

*Judgment affirmed.*