BARNET HOLSTEIN *v.* LOUIS A. BLANCHETTE AND TR.

November Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed January 7, 1936.

*Jay Chaffee* and *Wm. R. McFeeters* for the trustee.

*P. C. Warner* for the plaintiff.

THOMPSON, J. This is an action of debt on judgment brought in the Franklin municipal court. The only question of fact in the case is as to the liability of the trustee. It appears from the record that Honorable Albert W. Butler was the judge of Franklin municipal court when this action was brought, and the question of the liability of the trustee was tried before him. He found the facts and, on December 13, 1934, he rendered judgment against the principal defendant by default, and judgment against the trustee holding her liable as trustee for the amount of the judgment rendered against the principal defendant. Later, that judgment was stricken off, and, at the request of the plaintiff and the trustee, he made additional findings which were filed on January 31, 1935. On the same day he rendered final judgment ''that the trustee be held chargeable to the extent of $225.'' The trustee excepted.

Judge Butler's term of office expired on January 31, 1935. He did not sign the trustee's bill of exceptions before his term of office expired. Percival L. Shangraw, Esq., was appointed judge of Franklin municipal court by the Governor for the term of two years from February 1, 1935, to succeed Judge Butler, as provided by P. L. 1406. We presume, the contrary not appear-

ing, that Judge Shangraw qualified and assumed the duties of his office on February 1, 1935. On March 2, 1935, which was within thirty days from the time when final judgment was rendered, he signed and filed the trustee's bill of exceptions.

The plaintiff has filed a motion in this Court to dismiss the exceptions of the trustee on the ground that Judge Butler, who tried the case and rendered final judgment therein, was the only judge who could sign her bill of exceptions; that Judge Shangraw was without jurisdiction to sign the same. If Judge Shangraw was without jurisdiction to sign the bill of exceptions, the exceptions of the trustee must be dismissed.

■ The passing of causes from municipal courts to this Court is regulated entirely by statute, and ordinary cases are controlled by the provisions of P. L. 1431 and P. L. 2068. *Jones* v. *Metcalf*, 95 Vt. 67, 112 Atl. 831; *St. Johnsbury* v. *Dolgin,* 102 Vt. 424, 148 Atl. 879.

P. L. 1431 provides that in all causes, except in certain actions which are not material here, exceptions may be taken in a municipal court and the cause passed to this Court and here decided in the same manner as if passing to this Court from the county court and that with respect thereto the judge of the municipal court shall have the powers and duties given to the presiding judge and clerk of the county court by chapter 89. P. L. 2068 provides that exceptions to the opinion of the county court on a question of law arising on the trial of a civil cause, shall be signed by the presiding judge and be filed with the clerk within thirty days after the rising of the court, provided that a date before or after the expiration of such thirty days may be fixed by the court for the filing of such exceptions and, when such time is so fixed, the time for filing such exceptions shall expire on the day so fixed.

■ Applying the provisions of P. L. 2068 to municipal courts, as directed by P. L. 1431, we have held that exceptions to the judgment of a municipal court must be signed by the municipal judge who tried the case and rendered final judgment and be filed in that court within thirty days from the time when final judgment was rendered, except when a special time for filing the same is fixed by the judge signing the same. *Hunt* v. *Paquette*, 102 Vt. 403, 148 Atl. 752; *Jones* v. *Metcalf, supra; St. Johnsbury* v. *Dolgin, supra.*

■

The question whether another municipal judge can allow a bill of exceptions when the judge who tried the case and rendered final judgment therein went out of office within the thirty days within which the bill of exceptions must be allowed and filed has not been raised before in this Court.

P. L. 2070 provides that a superior judge who has allowed and signed a bill of exceptions may amend and correct the same after going out of office; but there is no provision in the statutes that gives a superior judge who presided at the trial of a cause in county court the authority to allow and sign an original bill of exceptions after he has gone out of office.

P. L. 2071 provides that in case of the decease, resignation, absence from the State or inability of a judge who presided at the trial of a cause in the county court, any superior judge may allow or amend a bill of exceptions in such cause. There was an inability of Judge Butler to allow and sign the bill of exceptions of the trustee after his term of office had expired.

■ If there had been a similar inability of a superior judge who presided at the trial of a cause in county court, any superior judge could have allowed and signed the bill of exceptions. Under the provisions of P. L. 1431, the provisions of P. L. 2071 apply to this case, and we hold that Judge Shangraw had the jurisdiction to allow and sign the bill of exceptions of the trustee. The motion to dismiss the exceptions of the trustee is denied.

The only exception briefed by the trustee is that the judgment holding her chargeable as trustee is not supported by the findings.

It appears from the findings of the court that the trustee is the wife of the defendant and that they were married in 1922. On October 1, 1929, the defendant gave his personal note, the amount of which does not appear, to the trustee. The consideration for the note was money held in her own right. Nothing was paid on the note until March 9, 1931, when the defendant conveyed some household furniture which was exempt from attachment, a radio set, a Royal typewriter, and an Auburn sedan automobile to the trustee in part payment of the note. The value of the attachable property conveyed to her was less than the amount of the note. It did not appear whether the value of the furniture was sufficient to pay the note. The

Auburn sedan was worth $200, and the typewriter was worth $20. The value of the radio set did not appear. The court found: "The preferment of his wife to other creditors by the defendant, while permissible in some circumstances, operated to deprive the plaintiff of a chance to satisfy at least a portion of his claim against the defendant." The court, on these findings, rendered judgment against the trustee, holding her chargable to the amount of $225.

P. L. 1812 provides: "When a person summoned as a trustee has in his possession goods, effects or credits of the defendant, which he holds by a conveyance or title void as to the creditors of the defendant, he may be adjudged a trustee on account thereof, although the defendant could not have maintained an action therefor against him; * * *."

It will be observed that under this provision a creditor cannot be adjudged a trustee of property conveyed to him by his debtor simply because the conveyance operates to prefer him over the other creditors of the debtor. In order that he may be held as trustee it must appear that the conveyance or title under which he holds the property is void as to the creditors of the debtor.

It has been held by this Court many times that under certain circumstances a debtor may prefer one creditor over his other creditors, and it has also held what is necessary to render a sale of property void as to creditors.

In *Ludlow Savings Bank & Trust Company* v. *Knight*, 92 Vt. 171, 173, 102 Atl. 51, 2 A. L. R. 1433, it is said that the general rule is that to make a conveyance for a valuable consideration fraudulent there must be a fraudulent intent both on the part of the grantor and the grantee.

In *Leach* v. *Francis*, 41 Vt. 670, 674, it is said: "The law is perfectly well settled in this State that to render a sale of property void as to creditors, both the vendor and vendee must participate in the intent to delay the creditors of the vendor, at least to the extent of the vendee having knowledge of such intent on the part of the vendor."

Nor does the fact that in this case the trustee is the wife of the defendant render the conveyance of the property to her void as to his creditors. If he acted in good faith he had the right to prefer her over his other creditors.

In *Drew* v. *Corliss*, 65 Vt. 650, 655, 27 Atl. 613, 614, this Court said: "If the defendant owed his wife an honest debt, as the commissioner has found he did, he had the right to convey the property to the defendant in trust, to be used for the payment of such debt. He had the right to prefer the payment of that debt over that of the plaintiffs whether their debt was secured or unsecured. * * * If the conveyance was understood by all parties to it, including the wife, to be a mere cover to prevent the property from being attached and taken for the payment of the debt due the plaintiffs, and to take care of the defendant, it would be fraudulent and void."

It appears from the findings that the defendant owed the trustee an honest debt, and that there was a valuable consideration for the conveyance of the property to her. Under such circumstances, the burden was on the plaintiff to prove that the defendant conveyed the property to the trustee with the intent to defraud his other creditors, and that she participated in that fraudulent intent, at least to the extent of her having knowledge of such intent on the part of the defendant. The plaintiff has not met the burden of proof imposed upon him, as there is no finding that there was a fraudulent intent on the part of the trustee to delay the other creditors of the defendant when the property was conveyed to her, or that she had knowledge of such an intent on the part of the defendant; and, on the facts and circumstances of the case, a fraudulent intent on the part of both the defendant and the trustee to delay his other creditors will not be inferred from the finding that the conveyance to her operated as a preferment to her over the other creditors of the defendant.

The judgment against the trustee is not supported by the findings. There is no finding that the conveyance of the property by the defendant to the trustee was void as to the creditors of the defendant, and there are no findings from which that fact can be inferred. The findings of the court are consistent with fair dealing and honesty on the part of both the defendant and the trustee so far as the creditors of the defendant are concerned. So far as it appears from the findings, the defendant had the right to prefer the trustee over his other creditors. The exception of the trustee to the judgment below is sustained.

*The judgment holding the trustee chargeable is reversed, and judgment for the trustee to recover her costs.*