IN THE MATTER OF IDA MAE DISORDA SAVAGE.

May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Entry made June 12, 1941.

Opinion filed October 7, 1941.

90

*Wayne C. Bosworth* for the petitioner.

PER CURIAM. This is a petition for a writ of mandamus to compel the respondents, the Commissioners of Jail Delivery for the County of Rutland, to admit the relator to the poor debtor's oath. The Commissioners have been served with the petition and have notified us that they do not desire to be heard.

The relator has been confined in close jail upon a certified execution granted after a judgment obtained against her in an

92

action of tort at the March Term, 1940, of Rutland County Court and affirmed in this Court at the November Term, 1940. See *Callahan* v. *Disorda,* 111 Vt. 331, 16 Atl. 2d. 179. The execution was served upon her on November 25, 1940. In April, 1941, the certificate was vacated by order of Hon. Stephen S. Cushing, one of the Superior Judges, and thereafter the relator applied to the Commissioners for leave to take the poor debtor's oath. A hearing was held, at which the committing creditor appeared, and upon the testimony the Commissioners made a written finding of facts, in which it was stated that the relator, at the time of the trial, had no property subject to execution except a 1932 Chevrolet automobile, purchased in 1938, which in August, 1940, she mortgaged to secure a loan of $100. with an indorser on the note which she gave as additional security. In December, 1940, while she was confined under the execution, the note being unpaid, upon demand and threat of foreclosure, she surrendered the car to the mortgagee. The value of the car at the time the mortgage was given, and at the time it was surrendered was $100. After finding these facts, and others not here material, the Commissioners refused to admit the relator to the poor debtor's oath and the present petition is the result of their action.

The Commissioners of Jail Delivery perform a judicial function, (*In Re Blake,* 107 Vt. 18, 27, 175 Atl. 252) and, where an act is judicial in nature, the performance of it cannot be enforced by mandamus unless there is a peremptory statutory direction that it shall be performed. *Richards, Truesdale & Co.* v. *Wheeler,* 2 Aik. 369, 371; *Hoar* v. *Commissioners of Jail Delivery,* 2 Vt. 402, 403, 21 Am. Dec. 543; *Sowles et al.* v. *Bailey,* 69 Vt. 515, 520, 38 Atl. 237; *Crystal Brook Farm, Inc.* v. *Control Commissioners of Derby,* 106 Vt. 8, 10, 168 Atl. 912. In order to justify the issuance of the writ it must appear that the relator has a clear legal right to the performance of the particular duty at the hands of the respondents, and that the law affords no other adequate remedy. *City of Burlington* v. *Burlington Traction Co.,* 98 Vt. 24, 36, 124 Atl. 857; *Town of West Rutland* v. *Rutland Ry., L. and P. Co.,* 96 Vt. 413, 420, 121 Atl. 755; *Grout, Secretary of State* v. *Gates, Auditor of Accounts,* 97 Vt. 434, 453, 124 Atl. 76; *Barber* v. *Chase et al.,* 101 Vt. 343, 351, 143 Atl. 302.

P. L. 2216 provides that: "When the commissioners find

that the prisoner has not estate to the amount of twenty dollars, nor sufficient to satisfy the execution on which he is committed, exclusive of property exempt from execution, and has not disposed of any part of his estate to defraud his creditors, nor disposed of the same after his committment to defraud the committing creditor, or to prefer some other creditors to him, they shall admit the prisoner to the poor debtor's oath * * *'' This statute is mandatory and imposes an inescapable duty upon the Commissioners when the requisite facts have been found by them.

 An examination of the findings discloses that this is the situation in the present case. While it is not specifically found that the relator has not disposed of her property to defraud her creditors, the necessary inference from the facts found is to this effect. The mortgage on the automobile cannot be considered as a fraudulent disposal of property. The consideration was valuable and adequate in the eyes of the law, (*Jones, Admx.* v. *Williams et al.,* 94 Vt. 175, 182, 109 Atl. 803) and consequently, in order to make the conveyance fraudulent there must have been a fraudulent intent on the part of both grantor and grantee. *Ludlow Svgs. Bk. & Tr. Co.* v. *Knight,* 92 Vt. 171, 173, 102 Atl. 51, 2 A. L. R. 1433; *Holstein* v. *Blanchette,* 108 Vt. 30, 35, 182 Atl. 289. We cannot presume that this was the case. *Tillison* v. *Tillison,* 95 Vt. 535, 537, 116 Atl. 117; *Newton, Trustee* v. *Thomas et al.,* 111 Vt. 259, 262, 15 Atl. 2d. 589. In no doubtful matter does the Court lean to the conclusion of fraud. *Dunnett et al.* v. *Shields & Conant,* 97 Vt. 419, 430, 123 Atl. 626. The fact that the mortgage was given during the pendency of the litigation is not, standing alone, sufficient to indicate bad faith. *Stockwell* v. *Stockwell,* 72 N. H. 69, 54 Atl. 701, 702; *Thornton* v. *Davenport,* 1 Scam. 296, 2 Ill. 296, 29 Am. Dec. 358, 359.

██ ██ There is, of course, a distinction between a fraudulent and a preferential conveyance; the former being *malum in se,* the latter *malum prohibitum. Van Iderstine* v. *Nat'l Discount Co.,* 227 U. S. 575, 582, 33 Sup. Ct. 343, 57 L. Ed. 652, 654. But where property is encumbered to its full value there is no good reason why the debtor, to escape further costs and interest, should not legally convey the valueless equity of redemption to the person holding the encumbrance, for in so doing he is neither giving or attempting to give a preference, nor doing anything to the

prejudice of his other creditors. *Johnson* v. *Riley,* 41 W. Va. 140, 23 S. E. 698, 700; and see, also, *Wiggins* v. *Tumlin,* 96 Ga. 753, 23 S. E. 75, 76. The estate of the debtor, to which his other creditors may have access, is not thereby depleted. *Continental, etc., Bank* v. *Chicago Title and Trust Co.,* 229 U. S. 435, 443, 33 Sup. Ct. 829, 57 L. Ed. 1268, 1272; *Nat'l Bank of Newport* v. *Nat'l Herkimer County Bank,* 225 U. S. 178, 184, 32 Sup. Ct. 633, 56 L. Ed. 1042, 1046.

We hold, therefore, that the relator has a clear legal right to be admitted to the poor debtor's oath. Our next inquiry must be whether she has an adequate remedy other than by writ of mandamus.

Under our statutes (P. L. 2208-2217 incl.) the Commissioners of Jail Delivery constitute the only tribunal having jurisdiction to admit a poor person, imprisoned on an execution issued upon a judgment in a civil cause, to the poor debtor's oath; there is no appeal from their decision and no provision for a review of their proceedings by this Court or by the County Court. *In re Blake,* 107 Vt. 18, 27, 175 Atl. 252. In the decision just cited it was held that the proceedings of the Commissioners could not be re-examined *de novo* by a petition for a writ of habeas corpus, but it was significantly remarked (p. 28) that "if it should clearly appear in a case that the Commissioners of jail delivery had abused their authority in refusing to permit an applicant to take the poor debtor's oath, some adequate remedy may be found to exist." Under the circumstances of the present case, the right being clear, we hold that such a remedy is by writ of mandamus, the purpose of which is not to re-examine the proceedings *de novo,* but to compel obedience to the peremptory terms of the statute.

A petition for a writ of mandamus is addressed to the sound judicial discretion of the Court (*Sherwin* v. *Ladd and Lord,* 95 Vt. 187, 189, 113 Atl. 522), in the exercise of which the writ, although otherwise appropriate, may be refused where questions of grave importance concerning the rights of persons who have had no opportunity to be heard are involved. *Town of West Rutland* v. *Rutland Ry., L. and P. Co., supra.* In the present case the committing creditor has not been made a party. But the facts upon which the Commissioners have based their action have been

found by them after a hearing at which the creditor appeared and was permitted to present his claim. Under these circumstances, in the exercise of our discretion, we perceive no reason for denying the petition.

*Let a writ of mandamus issue commanding the Commissioners of Jail Delivery for the County of Rutland, forwith to admit the relator to the poor debtor's oath and to deliver to her two certificates thereof, in accordance with the provisions of P. L. 2216. No costs are awarded.*